UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Eugene P. Patterson, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| United States of America, | ) | Case: 1:16-cv-01826 |
| | ) | Assigned To : Unassigned |
| Respondent. | ) | Assign. Date : 9/12/2016 |
| | | Description: Habeas Corpus (G-DECK) |

MEMORANDUM OPINION

Petitioner is a prisoner incarcerated at the United States Penitentiary in Terre Haute, Indiana. He has submitted a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," in which he challenges his sentence imposed by the Superior Court of the District of Columbia. *See* Pet. ¶¶ 1-2. Petitioner bases one of his grounds for relief on an alleged "new rule of law." Pet. at 6. For the following reasons, the Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Unlike prisoners convicted in state courts or in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not ."). Petitioner's recourse lies in the Superior Court in proceedings under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998) (describing § 23-110 as "a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who

wished to challenge their conviction or sentence"); *Byrd*, 119 F.3d at 36-37 ("Since passage of the Court Reform Act [in 1970], . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court - the Superior Court - pursuant to D.C. Code § 23-110."). Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). Such claims include "the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution . . . [or] (4) the sentence is otherwise subject to collateral attack," and a "motion for such relief may be made at any time." D.C. Code §§ 23-110(a), (b)(1).

Petitioner has not claimed, let alone shown, that his local remedy is inadequate to address his grounds for relief. Thus, this case will be dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: September 7, 2016

/s/
United States District Judge

2